J. TODD CHAPMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chapman v. Commissioner
Docket No. 26773-93
United States Tax Court
T.C. Memo 1994-394; 1994 Tax Ct. Memo LEXIS 403; 68 T.C.M. (CCH) 405; 94-2 U.S. Tax Cas. (CCH) P47,956; August 17, 1994, Filed *403 An order of dismissal will be entered. J. Todd Chapman, pro se. For respondent: Edward J. Laubach, Jr. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Norman H. Wolfe pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE WOLFE, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition in this case was not filed within the time prescribed by sections 6213(a) or 7502. Respondent, in the notice of deficiency issued to petitioner on June 9, 1993, determined a deficiency in petitioner's 1989 Federal income tax in the amount of *404 $ 34,388, an addition to tax under section 6651(a)(1) in the amount of $ 8,597, and a penalty pursuant to section 6662(a) in the amount of $ 6,878. The record is clear that respondent mailed the notice of deficiency to petitioner on June 9, 1993, by certified mail. On December 17, 1993, the Court received a letter from petitioner which was filed by the Court on that same day as the petition in this case. Petitioner resided in Homestead, Pennsylvania, when his petition was filed. The envelope in which the petition was received is postmarked December 14, 1993. Attached to the petition was a copy of a letter dated June 23, 1993 (the alleged original letter), in which petitioner requested that the Court send him petition forms. Petitioner did not receive petition forms and testified that, as of the date of the hearing of this case, he had not filed a petition. [2]
*405 Respondent filed a Motion to Dismiss for Lack of Jurisdiction on February 9, 1994. A hearing on respondent's motion was held in Pittsburgh, Pennsylvania, on April 18, 1994, at which time petitioner and counsel for respondent appeared and presented arguments. Petitioner filed a Notice of Objection to respondent's motion at the hearing. Respondent urges us to dismiss this case on the grounds that the petition was received and filed 191 days after the mailing of the notice of deficiency. With respect to the alleged original letter, respondent argues that filing occurs on the physical delivery of the document except to the extent otherwise provided by section 7502. Petitioner contends that he mailed the alleged original letter to the Clerk of this Court on June 23, 1993, before expiration of the 90-day period for filing as required by section 6213(a). He asserts that this case is properly before the Court because the alleged original letter was mailed to the Court in a timely manner or, in the alternative, the petition was filed within 90 days of payment of the deficiency in Federal income taxes for 1989. [3]
*406 The jurisdiction of this Court is governed by statute. Sec. 7442. It is well established that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. Secs. 6212(a), 6213(a); . Unless a petition is filed within the time prescribed by statute, we lack jurisdiction and must dismiss the case. Rule 13(a); . In the instant case there is no dispute regarding the validity of the notice; therefore we need only consider whether the petition was timely filed. Section 6213(a) provides that a taxpayer may file a petition with this Court for redetermination of a deficiency within 90 days after the deficiency notice is mailed (unless the notice is addressed to a person outside the United States). Consequently, pursuant to section 6213(a), the 90-day period of time to file a petition with this Court expired on Tuesday, September 7, 1993, which date was not a legal holiday in the District of Columbia. The 90-day period provided in section 6213(a) applies even if the deficiency which *407 is determined in the notice of deficiency is paid. See secs. 6213(a) and 6512. The authority of this Court to determine the amount of overpayment of Federal income tax and thus the amount to be refunded to the taxpayer is derived from section 6512. Such authority arises when a notice of deficiency is mailed to the taxpayer, and the taxpayer files a petition with the Tax Court within the time permitted in section 6213(a). Sec. 6512(a); . Regardless of whether or not, or when, petitioner pays the deficiency which has been determined against him, he still must file a petition with this Court within 90 days of the mailing of the notice of deficiency in order for this Court to have jurisdiction. The time provided for filing a petition with this Court is jurisdictional and cannot be extended. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. . Filing is completed when the petition is received by the Court, unless the exception provided in section 7502 applies. . *408 If a petition is received after the 90-day period, the petition is deemed filed when mailed if the requirements of section 7502 are satisfied. Id. Section 7502(a) provides as a general rule that if the petition is delivered to the Tax Court by U.S. mail in an envelope properly addressed, postage prepaid "the date of the United States postmark stamped on the cover" in which such petition is mailed "shall be deemed to be the date of delivery" of the petition to the Court, and hence the filing date. The provisions of section 7502(a) are applicable, however, only if the petition is delivered to the Court. ; sec. 301.7502-1(d)(1), Proced. & Admin. Regs. The petition in this case was filed on December 17, 1993, 191 days after the mailing of the notice of deficiency. The envelope in which the petition was received is postmarked December 14, 1993, 188 days after the mailing of the notice of deficiency. The petition was not timely filed under section 6213(a) or section 7502. Petitioner argues that he mailed the alleged original letter to the Court on June 23, 1993, well within the 90-day period required by *409 section 6213(a). The Court, however, did not receive the original letter until December 17, 1993, when it received petitioner's second letter. Prior to respondent's Motion to Dismiss for Lack of Jurisdiction, the Court notified petitioner that our files did not contain the original letter. Upon receipt of petitioner's Notice of Objection to respondent's motion and after the hearing in this matter, we required the office of the Clerk of the Court to conduct a further search of the Court's records, which confirmed that there is no record of receipt of any correspondence from petitioner prior to December 17, 1993. Petitioner also argues that he intended to file a timely petition with this Court and concludes that his intention is enough to give this Court jurisdiction. We disagree. Even if petitioner intended to file a timely petition, intention alone does not satisfy the statutory requirements of section 6213(a). A taxpayer must actually file a timely petition in order to invoke this Court's jurisdiction. See secs. 6213, 7442. The burden of proving that this Court has jurisdiction is upon petitioner. See . *410 Petitioner has failed to show that the original letter was timely filed with this Court. We find that the petition was not timely filed under section 6213(a) or the exception found in section 7502. Therefore, lacking jurisdiction, we will grant respondent's motion to dismiss for lack of jurisdiction. To reflect the foregoing, An order and order of dismissal will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Apparently, petitioner believes that the Clerk of this Court filed a petition on his behalf. In fact, the Court filed petitioner's letter dated December 13, 1993, as the petition.↩
3. Petitioner testified that his former wife paid the IRS over $ 40,000 with respect to his 1989 Federal income tax. Petitioner's second contention is unclear. At the hearing petitioner argued both that this Court has jurisdiction over refund claims regardless of when the petition is filed and that the Court has jurisdiction over refund claims as long as the petition is filed within 90 days of payment of the deficiency.↩